<hr/>

**Lutfur Mohammed RAHMAN,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General,[1] Respondent.**

**No. 07–3271–ag.**

United States Court of Appeals,
Second Circuit.

May 1, 2008.

<hr/>

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

David J. Rodkin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Susan Houser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Lutfur Mohammed Rahman, a native and citizen of Bangladesh, seeks review of a July 9, 2007 order of the BIA denying his motion to reconsider its March 13, 2007 denial of his motion to reopen. *In re Lutfur Mohammed Rahman,* No. A 95 963 688 (B.I.A. July 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ The BIA did not abuse its discretion by denying Rahman's motion to reconsider, where he failed to identify any legal

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

or factual error in that decision. 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao,* 265 F.3d at 90. Indeed, Rahman's motion to reconsider merely restated the assertion he made in his previous two motions to reopen—that he established changed circumstances which qualify him for an exception to the time and numerical limitations applicable to motions to reopen. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006) (per curiam) (holding that the BIA "does not abuse its discretion by denying a motion to reconsider where the motion [merely] repeats arguments that the BIA has previously rejected.").

Additionally, the BIA did not abuse its discretion in additionally construing Rahman's motion as a motion to reopen to the extent that it sought the consideration of "new" evidence. *See* 8 C.F.R. § 1003.2(c)(1). The BIA properly denied his motion to reopen as untimely and numerically barred. *See Kaur,* 413 F.3d at 233–34; 8 C.F.R. § 1003.2(c)(2).

Furthermore, the BIA properly found that Rahman failed to establish changed circumstances in Bangladesh that qualified him for an exception to the applicable time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The only evidence he submitted in support of his motion were certified translations of Bangladeshi court documents related to his murder conviction. Given that Rahman had already submitted these court documents with his October 2006 motion to reopen, albeit with uncertified translations, the BIA did not abuse its discretion by concluding that he failed to offer previously unavailable evidence. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (providing that the time and numerical limitations shall not apply to a motion to reopen where the applicant establishes changed country conditions through evidence that "was not available and could not have been discovered or presented at a previous hearing"); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

To the extent that the BIA again found that Rahman had failed to explain his failure to apply for asylum earlier or to demonstrate changed circumstances where he began experiencing problems in Bangladesh in 1995, we will not review that aspect of its decision. While the BIA may choose to repeat its prior holdings *ad infinitum* in the face of submissions of nearly identical motions, we will not do the same. Our prior holding with respect to these arguments—made after his appeal from the denial of his second motion to reopen—remains the law of the case. *See U.S. v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002) (emphasizing that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).